USDC IN/ND case 1:21-cv-00376-HAB-SLC document 1-2 filed 09/24/21 page 1 of 8

35D01-2108-CT-000485
Filed: 8/17/2021 9:08 AM
Clerk
Huntington Superior Court
Huntington County, Indiana

| STATE OF INDIANA | ) | HUNTINGTON SUPERIOR COURT |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF HUNTINGTON | ) | CAUSE NO._____ |

| JOSEPH W. KELLOGG, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SCHNEIDER ELECTRIC | ) |
| USA, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff alleges against Defendant that:

1. The Plaintiff is Joseph W. Kellogg, a resident of Huntington County Indiana at all material times to this Complaint.

2. The Defendant is Schneider Electric USA, Inc., a company doing business at 6 Commercial Road, Huntington, Indiana 46750. At all material times to this Complaint, Defendant was an "employer" for purposes of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.* ("ADA"), as amended by the ADAAA, as well as the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA").

3. Plaintiff filed an EEOC Charge of Discrimination on September 16, 2021, a copy of which is attached hereto, incorporated herein and made a part hereof as Exhibit "A". Th EEOC issued a Dismissal and Notice of Rights on May 19, 2021, a copy of which is attached hereto as Exhibit "B". All administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4. Plaintiff was a long-term, hard-working, and loyal employee of the Defendant, and was employed from November 1, 1993 until his wrongful termination on or about April 13, 2020. At all material times to this Complaint, Plaintiff suffered from the serious health conditions of asthma and degenerative disc disease for which he was entitled to receive FMLA time off. Plaintiff's asthma constituted a disability, perceived disability, and/or record of impairment for purposes of the ADA. Furthermore, the asthma, when untreated, substantially inferred with his major life activity of breathing. However, with reasonable accommodations, Plaintiff could perform all of his primary job duties of his position.

5. On or about March 13, 2020, Plaintiff attended a medical appointment due to asthma-related breathing difficulties. Between March 16, 2020 and March 20, 2020, Plaintiff informed his Manager and the Health and Safety Environmental Manager of asthma problems he was experiencing.

6. In early April 2020, Plaintiff e-mailed the Defendant's management and informed them of his need for the reasonable accommodation of also being permitted to utilize a face shield as opposed to a face mask due to his asthma.

7. On April 13, 2020, Plaintiff reported to work at as scheduled and was allowed to wear a face shield instead of a mask. However, later that day, Defendant informed him that he was being terminated and was told to go home.

8. On April 14, 2020, Plaintiff reported back to work again. Defendant refused to permit him to work, even if Plaintiff agreed to try to use a face mask. Plaintiff learned that as of April 13, 2020, Defendant had started to require all employees to wear a

commercial face mask.

9. On April 16, 2020, Defendant reportedly issued an edict that there was supposedly "no reasonable accommodation" that they could grant the Plaintiff. Plaintiff was again not permitted to work. Plaintiff requested FMLA leave, but was told that Defendant did not consider him an active employee anymore. The request for FMLA was denied.

10. Plaintiff attempted unsuccessfully to talk with Defendant further about his need for FMLA and his need for the reasonable accommodation of wearing a face shield instead of a face mask.

11. Plaintiff contends that Defendant discriminated against him, failed to engage in the interactive process, denied him reasonable accommodations, and terminated him on the basis of his disability/perceived disability/record of impairment in violation of the ADA.

12. Plaintiff also contends that he was discriminated against him and retaliated against him for requesting FMLA time off and/or in order to interfere with Plaintiff's rights to FMLA time off.

13. Defendant's unlawful conduct was the direct and proximate cause of Plaintiff suffering the loss of his job and job-related benefits including income, and subjected Plaintiff to inconvenience, embarrassment, emotional distress, mental anguish, and other damages and injuries for which he seeks compensatory damages.

14. Defendant's conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for compensatory damages, punitive damages, liquidated damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: cmyers@myers-law.com
Counsel for Plaintiff

USDC IN/ND case 1:21-cv-00370 document 1-2 filed 09/24/21 page 5 of 8

35D01-2108-CT-000485 Filed: 8/17/2021 9:08 AM
Huntington Superior Court Huntington County, Indiana

SEP/17/2020/THU 09:18 AM Equal Employment Opportunity Commission
Indianapolis District Office
RECEIVED 9-17-2020

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☐ EEOC | 470-2020-03943 |

Equal Employment Opportunity Commission _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Joseph W. Kellogg | 260-375-6429 | |

Street Address: 449 Lindley Street, Huntington, IN 46750

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Schneider Electric | 25+ | 260-356-2060 |

Street Address: 6 Commercial Road, Huntington, IN 46750

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

DISCRIMINATION BASED ON (Check appropriate box(es).):
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☒ OTHER (FMLA)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: March 2020  Latest: April 13, 2020
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. Complainant Joseph W. Kellogg worked for Respondent Schneider Electric from November 1, 1993 until his last day of work on April 13, 2020. Respondent is an "employer" for purposes of the Americans with Disabilities Act of 1990, as amended by the ADAAA. Complainant worked for Respondent as an Industrial Maintenance Technician. Complainant is a qualified individual with a disability in that he could, either with or without reasonable accommodations, perform the essential functions of his job. Complainant was substantially impaired in the everyday life activities of breathing, as he suffered from significant asthma problems which interfered with his ability to taken in oxygen and breathe properly (particularly if required to wear a mask). Respondent also perceived and regarded Complainant as being disabled and discriminated against him because of his record of impairment (medical visits to the Allergy/Asthma Center). The wearing of a face mask adversely affected Complainant's lung efficiency and interfered with his ability to breathe.

Continued on Page 2

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 9-16-20
Charging Party Signature: *Joseph Kellogg*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DAY
(month, day, year) 9-16-2020

LORI KAY KOLB
Seal
Notary Public - State of Indiana
Allen County

SEP/17/2020/THU 09:18 AM                    Equal Employment Opportunity Commissio
                                            Indianapolis District Office
                                            RECEIVED 9-17-2020

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

II. On or about March 13, 2020, Complainant went to the Allergy/Asthma Center because of breathing problems associated with his asthma. Between March 16, 2020 and March 20, 2020, Complainant told Respondent about his asthma problems. Complainant reported these problems (which may have been related to chemical exposure) to his Manager and the Health and Safety Environmental Manager. Between April 1, 2020 and April 12, 2020, Complainant was on vacation. Around April 6, 2020 to April 9, 2020, other employees were allowed to wear face shields instead of masks. Complainant e-mailed Respondent's Managers about needing an accommodation of wearing a face shield instead of a mask, because the mask adversely affected his breathing. Complainant stated that his family doctor and asthma specialist recommended that he stay home instead of wear a commercial mask, and discussions were had with Complainant about wearing a face shield. Complainant's Union Representative requested that Respondent's HR Representative consider a face shield as a reasonable accommodation in place of a commercial mask (which Complainant could not wear). On April 13, 2020, Complainant reported to work and was allowed to wear a face shield. However, later that day, Complainant met with HR and was told to report to the office. He was read a communication from the company basically terminating Complainant. Complainant was denied a copy of the communication/termination notice and was told to go home.

III. On April 14, 2020, Complainant reported to work, but he was not allowed to work, even with a mask. Respondent determined that as of Monday, April 13, 2020, all employees had to wear a commercial mask. On April 16, 2020, Respondent issued an edict that "no reasonable accommodation for the grievance has been found." Complainant's Union Representative filed a grievance on or about April 16, 2020. Complainant had been sent home, but was not fired by the "Reed Group", Respondent's third-party administrator of FMLA. Complainant requested FMLA, but was told that he was not an "active employee" and was thus denied FMLA – Respondent did not even give him the FMLA paperwork to fill out. Nevertheless, Reed Group/Schneider Electric acknowledged that Complainant had requested intermittent FMLA leave as of April 28, 2020. However, Complainant's request was denied for the alleged reason that he was "ineligible" because he was not an "active employee."

IV. Complainant tried to discuss with Respondent his need for medical leave and his need for a face mask. Respondent Schneider denied Complainant's Union Grievance Ruling that as of April 13, 2020, all of its employees were required to wear commercial face masks and that no reasonable accommodation could be found.

V. Respondent failed to reasonably accommodate the Complainant and retaliated against him for attempting to engage in the interactive process in order to seek a reasonable accommodation for his asthma, which was exacerbated by wearing a commercial face mask. Complainant alleges that he was discriminated against because of his disability, and retaliated against for seeking a reasonable accommodation. Complainant was not allowed to return to work on account of his disability and because he sought medical leave under the FMLA/FFCRA.

VI. As a result of the discrimination and retaliation by Respondent, Complainant suffered the loss of his job and job-related benefits including income. Complainant also suffered emotional distress, mental anguish, humiliation and other damages and injuries.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

9-16-20
Date

Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

9-16-2020

LORI KAY KOLB
Seal
Notary Public - State of Indiana
Allen County

EEOC Form 161-B (11/2020)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Joseph Kellogg<br>449 Lindley Street<br>Huntington, IN 46750 | From: | Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2020-03943 | Frederick J. BruBaker,<br>Enforcement Supervisor | (463) 999-1148 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Michelle Eisele* (signature)

05/19/2021

Enclosures(s)

**Michelle Eisele,**
**District Director**

*(Date Issued)*

cc: Mary Ann McLean
200 N. Martingale Road
Suite 1000
Schaumburg, IL 60173

Christopher C. Myers
CHRISTOPHER C. MYERS & ASSOCIATES
809 S. Calhoun Street
Suite 400
Fort Wayne, IN 46802

**CERTIFIED MAIL**

**Myers ◆ Smith ◆ Wallace**
809 S. Calhoun Street, Ste. 400
Fort Wayne, IN 46802

7020 3160 0000 3998 4000

FIRST-CLASS

02 7H $ 007.53
0001241561  AUG 31 2021
MAILED FROM ZIP CODE 46802

Corporation Service Company
Registered Agent for Defendant
135 N. Pennsylvania Street, Suite 1610
Indianapolis, IN 46204

4620482448 C009